**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JORGE LUIS REYES-PUENTE, | No. 09-72896 |
| Petitioner, | |
| v. | Agency No. A200-098-057 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2013**
Pasadena, California

Before: NOONAN, WARDLAW, and MURGUIA, Circuit Judges.

Jorge Luis Reyes-Puente ("Reyes"), a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's removal order. We deny in part and dismiss in

part the petition for review.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes that this case is suitable for
decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We lack jurisdiction to review the BIA's discretionary determination that Reyes failed to demonstrate that his removal would result in "exceptional and extremely unusual hardship" to his qualifying relatives. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929-30 (9th Cir. 2005); *see also Romero-Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir. 2003) ("We lack jurisdiction to review the BIA's discretionary determination that an alien failed to satisfy the 'exceptional and extremely unusual hardship' requirement for cancellation of removal.").

We have jurisdiction under 8 U.S.C. § 1252 to review the BIA's determination that Reyes failed to establish ten years of continuous physical presence in the United States. Substantial evidence supports the BIA's determination. *See Lopez-Alvarado v. Ashcroft*, 381 F.3d 847, 851 (9th Cir. 2004). While Reyes presented some evidence that he entered the United States prior to May of 1996, his inconsistent testimony on this point does not compel the conclusion that he established the requisite ten years of continuous physical presence in the United States. *See Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997) ("To obtain reversal, petitioner must show that 'the evidence not only supports that conclusion, but compels it.'" (citing *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n. 1 (1992)).

Reyes's contentions that the BIA required him to provide corroboration in violation of 8 U.S.C. § 1229a(c)(4)(B) and that the BIA applied an incorrect hardship standard to his application for cancellation of removal are not supported by the record. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (dismissing the petitioner's claims that the BIA performed a deficient hardship analysis on the grounds that the record "patently belie[d]" the claim). The BIA applied the correct hardship standard, *see id.*, but determined that Reyes had failed to meet his burden of proof.

**DENIED in part; DISMISSED in part.**